UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jerrico Keyshon Timmons,

       Petitioner,                    Case Number: 21-10715
                                      Hon. George Caram Steeh

   v.

Robert Vashaw,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE
OF APPEALABILITY, AND GRANTING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

Jerrico Keyshon Timmons, has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for three

counts of possession with intent to deliver less than 50 grams of heroin,

and one count of possession of Adderall. He raises a sentencing-related

claim.  The Court finds that relief is not warranted and denies the petition.

The Court also denies a certificate of appealability and grants Petitioner

leave to proceed *in forma pauperis* on appeal.

## I.   Background

The petition concerns Petitioner's convictions resulting from pleas in

two separate Oakland County Circuit Court cases.  In case number 17-

- 1 -

264709-FH ("the 2017 case"), Petitioner pleaded guilty to possessing with intent to deliver less than 50 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iv).  In case number 18-266065-FH ("the 2018 case"), Petitioner pleaded no contest to two counts of possessing with intent to deliver less than 50 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iv), and one count of possessing Adderall.  Sentencing for both cases occurred in the same proceeding on May 14, 2018.  Petitioner was sentenced as a fourth offense habitual offender to 2 to 30 years for possession with intent to deliver in the 2017 case, and, in the 2018 case, he was sentenced to 3 years, 10 months to 40 years for both counts of possession with intent to deliver, and to 1 to 15 years for possession of Adderall.  The sentences in the 2018 case for possession with intent to deliver were to be served concurrent with each other and consecutive to the sentence in the 2017 case.  The sentences in the 2018 case were also consecutive to a yet-to-be imposed sentence in another Oakland County Circuit Court case pending before a different judge, case number 2017-264447-FH.[1]  The crimes in case number 2017-264447 ("first-in-time case"), occurred before the crimes at issue in this petition.  The crimes

---

[1]In case number 2017-264447-FH, Petitioner was sentenced on July 12, 2018, to an aggregate sentence of 8 years, 3 months to 40 years.

challenged in this petition occurred while Timmons was released on bond from the earlier-in-time case.

In August 2018, the Michigan Department of Corrections (MDOC) informed the court that, based on the Michigan Supreme Court's decision in *People v. Chambers*, 430 Mich. 217 (1988), it could not honor the consecutive nature of the sentences.  (*See* ECF No. 1, PageID.37.)  The prosecution filed a motion to enforce the consecutive sentences.  Following a hearing, the trial court held the consecutive sentences were appropriate under state law and issued an order directing the MDOC to enforce the sentences.  (*Id.* at PageID.36.)

The Michigan Court of Appeals affirmed Timmons' sentences. *People v. Timmons*, Nos. 348327, 348328 (Mich. Ct. App. May 28, 2019).  The Michigan Supreme Court denied leave to appeal. *People v. Timmons*, Nos. 159959, 159961, 505 Mich. 882 (Mich. Dec. 11, 2009).

Timmons then filed this petition.  He seeks relief on this ground:

> The trial court erred in making Mr. Timmons' sentence
> consecutive to a sentence that had not yet been imposed and
> ordering the MDOC to enforce it.

Respondent filed an answer in opposition arguing that Timmons' claim is partially unexhausted and partially not cognizable and entirely meritless.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim —
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal

law if the state court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law, or if the state court decides a case

differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).

An "unreasonable application" occurs when "a state-court decision

unreasonably applies the law of [the Supreme Court] to the facts of a

prisoner's case." *Id.* at 409.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). This presumption is rebutted only with clear and convincing evidence. *Id.* Moreover, for claims adjudicated on the merits in state court, habeas review is "limited to the

record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170,

181 (2011).

## III.    Discussion

Petitioner argues that the trial court erred in imposing his sentences

to be served consecutive to a yet-to-be-imposed sentence.  Respondent

argues that portions of Petitioner's claim are procedurally defaulted an

unexhausted.  Neither procedural default nor exhaustion implicates the

Court's jurisdiction to address Petitioner's claims.  *See Lambrix v.

Singletary*, 520 U.S. 518, 525 (1997) (holding that federal court may

bypass the procedural default question when proceeding directly to the

merits is more efficient); *Rhines v. Weber*, 544 U.S. 267, 277 (2005) (on

federal habeas review, a district court may decide an unexhausted claim if

it is "plainly meritless). The Court exercises its discretion to bypass the

procedural default and exhaustion questions and proceeds directly to the

merits of the petition.

The Michigan Court of Appeals denied leave to appeal "for lack of

merit in the grounds presented."  *People v. Timmons*, Nos. 348327, 348328

(Mich. Ct. App. May 28, 2019).  Absent some indication to the contrary, this

type of summary order is considered an adjudication on the merits to which

AEDPA deference applies.  *See Harrington v. Richter*, 562 U.S. 86, 99-100

(2011).  Because Petitioner offers no basis for rebutting that presumption and the Court finds none, AEDPA's deferential standard of review applies.

A federal court may grant an application for writ of habeas corpus only on the ground that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States, and not for perceived errors of state law.  *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Petitioner has failed to cite, and the Court is unaware of, any Supreme Court case holding that a state court may not impose a sentence to run consecutive to a not-yet-imposed state sentence. *See Oregon v. Ice*, 555 U.S. 160, 165 (2009) (holding that imposition of consecutive sentences is constitutionally permissible); *c.f.  Setser v. United States*, 566 U.S. 231 (2012) (holding that a federal district court may order a sentence to run consecutively to a not-yet-imposed state sentence). Consequently, whether Petitioner's sentences were properly imposed to run consecutively is a state law question not cognizable in this federal habeas corpus proceeding. *See*, *e.g.*, *Beverly v. Burt*, No. 19-1464, 2019 WL 11753785, at *3 (6th Cir. July 23, 2019) (finding challenge to consecutive nature of sentences not cognizable on federal habeas review); *Harrison v. Parke*, 917 F.2d 1304, 1990 WL 170428, at *2 (6th Cir. 1990) (holding that whether a sentence should run concurrently or consecutively

is "a matter of substantive state law ... not cognizable in a federal habeas corpus proceeding").

Petitioner also maintains that his sentences constitute cruel and unusual punishment in violation of the Eighth Amendment because the consecutive sentences resulted in a disproportionately long period of incarceration.  The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)).  "'[O]nly an extreme disparity between crime and sentence offends the Eighth Amendment.'"  *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)).  If a sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).  *See also Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum … generally does not constitute cruel and unusual punishment.") (internal quotation omitted).

- 8 -

Here, Petitioner was sentenced as a fourth habitual offender which allows for a sentence of up to life in prison.  *See* Mich. Comp. Laws § 769.12(1)(b). Petitioner's sentences, therefore, fall within the statutory maximum for his crimes.  Habeas relief is denied.

Finally, to the extent that Petitioner argues that his plea was involuntary and unknowing because he did not know that he faced consecutive sentences, this claim is meritless.  When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *See United States v. Broce*, 488 U.S. 563, 570 (1989); *Haring v. Prosise,* 462 U.S. 306, 219-20 (1983).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *United States v. Brady*, 397 U.S. 742, 748 (1970).  A plea "entered by one fully aware of the direct consequences" is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent.  *Id.* at 755, 757 (quotation omitted).  "'[W]hether a federal sentence runs consecutive to or concurrent with a state sentence is not considered a direct consequence of the plea.'"  *Hall v. Bradshaw*, 466 F. App'x 472, 474 (6th Cir. 2012) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th

- 9 -

Cir.1990)).  Consequently, any failure to inform Petitioner that his

sentences could be made consecutive to the sentence for the earlier-in-

time offense did not render his plea involuntary.

## IV.   Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254

has no automatic right to appeal a district court's denial or dismissal of the

petition.  Instead, [the] petitioner must first seek and obtain a [certificate of

appealability.]"  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A certificate

of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To

receive a certificate of appealability, "a petitioner must show that

reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further."

*Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

The Court finds that jurists of reason could not debate the conclusion

that Petitioner has failed to demonstrate an entitlement to habeas relief.  A

certificate of appealability is denied.

The Court grants Petitioner leave to appeal in forma pauperis because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## V. Conclusion

The Court DENIES the petition for writ of habeas corpus and DENIES a certificate of appealability.

If he chooses to appeal this decision, Petitioner may proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(3).

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2024
         Detroit, MI

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on February 1, 2024, by electronic and/or ordinary mail
and also on Jerrico Keyshon Timmons #932319,
St. Louis Correctional Facility, 8585 N. Croswell Road,
St. Louis, MI 48880.

s/LaShawn Saulsberry
Deputy Clerk

---